THE UNITES STATES DISTRICT COURT
FOR THE DISTRICTR OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of<br><br>John M. Daly and Newton Police Association, Lead Plaintiffs, and Michael Abbruzzese, Russell Adam, Nils Anderson, Lauren Bartineau, Michelle R. Bellevue, Richard Benes, Jeff Boudreau, Michael Boudreau, Edward Boudrot, Richard W. Bradley, David Calderon, Raymond Chieu, James P. Ciru, George Claflin, John Claflin, Jr., Richard Clements, Thomas M. Cloonan, Jr., Matthew Collela, Kim Coney, Stephen T. Cottens, Carolyn Curry, Thomas Destefano, Daniel Devine, Kathleen Doyle, Charles J. Edrehi, Steven C. Emmanuel, Dawn Fleming, Donald Fleming, Stephen Fontano, Adam Gabriel, Linda D. Gassett, Thomas F. Geagan, Jr., Stephen H. Giardino, Christopher J. Gibson, Mark Hagopian, Glenn Harris, Declan G. Healy, Sean Healy, Gregory Hill, Robert Hill, Jr., Michael A. Iarossi, Jr., Robert L. Keefe, Jr., Peter M. Koerber, Justin M. Lau, Edward J. LaValle, Zoi Lazarakis, Bob Lee, Christopher Macnair, Dina Macnair, Kim Manouk, Scott Marchand, Kenneth J. Marino, James P. McCarthy, Thomas McCarthy, Sean McLean, Michael McSweeney, Lisa A. Mikoleit, Daniel Nardelli, Dennis O'Brien, Richard Paglia, Robert Paglia, Zachary S. Raymond, David C. Robinson, Eric M. Rosenbaum, Lawrence T. Rufo, Robert F. Sampson, David Schaefer, Amanda Schlegel, Jason Schlegel, Gita Setiabudi, Alan R. Soloman, Jr., David J. Spirito, Daniel S. Sullivan, Shawn Tivnan, Matthew C. Tocci, Ralph Torres, Gerald M. Tramontozzi, Steven A. Umina, Michael Wade, Peter A.Wade, Jr., Brian Wallace, Thomas P. Walsh, Timothy Walton, David Webb, and Jeremy Wilson,<br><br>    Plaintiffs<br><br> and<br><br>City of Newton,<br><br>    Defendant | USDC Case No. |

**COMPLAINT OF VIOLATION OF THE FAIR LABOR STANDARDS ACT AND PENDENT CONTRACT CLAIM**

### Introduction

Now comes the Plaintiffs who are 86 patrol officers employed in the police department of the Defendant City of Newton (City), and Plaintiff Newton Police Association in its capacity as collective bargaining representative of Plaintiff patrol officers, alleging two counts against the City.

Count I alleges that the City violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. by unlawfully denying requests of patrol officers to take compensatory time off (paid time off).  Patrol officers accrued said compensatory time off under FLSA Section 207(o), 29 U.S.C. §207(o), for worked performed over 40 hours in a week, in lieu of receiving cash overtime for such overtime work.  The FLSA allows an employer to deny a request by an employee to take compensatory time off only if granting the request would cause an "undue disruption" to the City.  In this case the City has violated this requirement by denying such requests by Plaintiffs to use comp time even though granting the time comp request would not cause an undue disruption.

Count II of the complaint alleges the same facts as above, and also that the several of the Plaintiffs, and their union the Newton Police Association, entered into a settlement agreement in May 2002 comprehensively settling a prior FLSA lawsuit that was filed in 2000.  The Settlement Agreement incorporates by reference the FLSA standards referenced COUNT I and other specific rules governing administration of the comp time system.  By denying

compensatory time requests as alleged in Count I, therefore, this also simultaneously violates the Settlement Agreement.

Based upon these two counts, the Plaintiffs request a remedy that includes, inter alia, declaratory and injunctive relief, attorney fees and costs, and other appropriate relief.

## The Parties

1. Each of the 86 natural persons who are Plaintiffs is an employee of the Defendant City of Newton (City), Massachusetts, employed in the Newton Police Department (Police Department) as a patrol officer at all times material.

2. The Plaintiff Newton Police Association ("NPA") has been the collective bargaining representative (i.e., the union) for a collective bargaining unit comprised of non-supervisory patrol officers employed in the City's Police Department from at least 2000 to present under the state collective bargaining law, M.G.L. c.150E.[1]

3. The Defendant City of Newton is a municipality that is located in, and is governed by the laws of, the Commonwealth of Massachusetts, said City having a police department known as the Newton Police Department (Police Department.)

---

[1] The word "Plaintiffs" shall hereinafter refer to natural persons who are Plaintiffs (referred to supra ¶1) and the expression "Plaintiff Union" shall refer to the Newton Police Association (referred to supra ¶2).

3

## JURISDICTION

4. Original Jurisdiction over the FLSA violations alleged in COUNT I of this action is conferred on the court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

5. Supplemental jurisdiction over the breach of contract claim alleged in COUNT II of this action is conferred on the court by 28 U.S.C. §1367 because the contract claim of COUNT II is so related to the FLSA claim in COUNT I (for which the Court has original jurisdiction) that both claims form part of the same case or controversy under Article III of the United States Constitution.

6. Jurisdiction to provide declaratory relief and any relief as necessary to effectuate such declaration is authorized under 28 U.S.C. §§2201 and 2202.

7. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

## COUNT I:   VIOLATION OF FLSA

8. The effective date for FLSA coverage of Plaintiffs with respect to their employment with the City was April 15, 1986.  FLSA Amendments of 1985 (Public Law 99-150); <u>Garcia v. San Antonio Metropolitan Transit Authority</u>, 469 U.S. 528 (1985) (ruling that FLSA could constitutionally be applied to state and local employees).

9. FLSA Section 7(a) establishes the standard overtime rule under federal law that all hours worked by employees over 40 in a seven-day work

period shall be paid "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. §207(a).

10.     One exception to the aforementioned 40 hour/7-day rule is set forth at FLSA Section 7(o), hereinafter "Section 7(o)." 29 U.S.C. §207(o). Section 7(o) allows municipal employers to compensate employees for FLSA overtime hours by having employees accrue paid time off in lieu of cash overtime, "at a rate not less than one and one-half hours [of compensatory time off] for each hour of employment for which overtime compensation is required by this section." 29 U.S.C. §207(o)(1). Such paid time off is referred to in the statute as "compensatory time" (or as "comp time" in this complaint).

11.     Under Section 7(o) comp time is available in lieu of cash overtime only if a municipal employer such as the Defendant City of Newton satisfies certain preconditions of Section 7(o), including <u>inter alia</u> the following:

(a)     comp time is provided pursuant to "applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees", 29 U.S.C. §207(o)(2)(A)(i); and,

(b)     "[an] employee of a . . . political subdivision of a State, who has accrued compensatory time off . . . and . . . who has requested the use of such compensatory time, shall be permitted by the employee's employer to use such time within a reasonable period after making the request if the use of the compensatory time does

not unduly disrupt the operations of the public agency," 29 U.S.C. §207(o)(5).

12. The NPA and 37 of the Plaintiffs referenced in the caption entered into a Settlement Agreement with the City of Newton on May 15, 2002 resolving a prior FLSA lawsuit filed in 2000 in the United States District Court for the District of Massachusetts in Civil Action No 00CV10029 RCL.  A true and accurate copy of the Settlement Agreement is attached hereto and incorporated herein as Exhibit 1.  The Appendix of the Settlement Agreement memorializes an agreement relating to the establishment of a compensatory time system within the meaning of FLSA Section 7(o), 29 U.S.C. §207(o).

13. Since on or about November 21, 2010 and onward, the City began to employ unlawful tactics in denying requests by officers to take previously accrued comp time.  The unlawful tactics have at all time material included the following:

(a) officers' comp time requests being denied if, granting the request, would cause the City to incur overtime costs in order to maintain minimum staffing;

(b) officers' comp time requests being held and not approved or denied until one day or less before the day for which comp time off was requested, so that the City could ascertain whether it would need to employ another officer on an overtime basis to fill-in for the officer that requested to use comp time in order to maintain minimum staffing;

    (c)    officers' comp time requests being denied if other officers have been granted vacation time off where the City would have to employ another officer on an overtime basis to fill-in for the officer that requested to use comp time;

    (d)    officers' comp time requests not even considered if the request was made too close in the time to the shift requested off or during the shift requested off, even though the City in such instances was able to approve the comp time request and arrange for minimum staffing, if necessary, by hiring another officer on an overtime basis to fill-in for the officer that requested to use such comp time; and,

    (e)    officers being required to request comp time in increments of eight hours, and prohibited from requesting comp time in smaller increments such as two hours or four hours.

14. The City's decision to deny comp time requests in order to avoid incurring overtime and for the other reasons described in the preceding paragraph is unlawful because, granting such comp time requests, would not cause an "undue disruption" to the City within the meaning of the Section 7(o)(5), 29 U.S.C. §207(o)(5) (quoted above).

## COUNT II:   BREACH OF SETTLEMENT AGREEMENT

15. The averments at ¶¶1-14 above are incorporated for COUNT II as if fully set forth here.

16. Since at least 2000, NPA has been the exclusive collective bargaining representative of patrol officers employed by the City Newton and,

as such, authorized to negotiate with the City on behalf of the patrol officers and reaching binding contracts with the City setting forth terms and conditions of employment, within the meaning of the collective bargaining laws of the Commonwealth of Massachusetts, M.G.L. c.150E, §1 (defining "Employee organization") and §§6-7 (defining authorization to bargain terms and conditions of employment).

17. It was within the authority of the NPA under the state collective bargaining law (M.G.L. c.150E) to reach agreement with the City as to the terms and conditions set forth in the Settlement Agreement attached hereto as Exhibit 1.

18. Since the NPA is authorized to bargain on behalf of the collective bargaining unit of patrol officers, the contractual obligations established in the Settlement Agreement inure to the benefit of not only the 37 patrol officers that were plaintiffs in the 2000 lawsuit (identified in the next paragraph, infra ¶19), but also the following 49 patrol officers hired after the settlement was reached and not named as parties to the prior FLSA lawsuit and Settlement Agreement: Richard Benes, Jeff Boudreau, Michael Boudreau, Edward Boudrot, David Calderon, Raymond Chieu, James P. Ciru, Mathew Collela, Stephen Cottens, Daniel Devine, Steven Emmanuel, Dawn Fleming, Donald F. Fleming, Adam Gabriel, Stephen H. Giardino, Christopher J. Gibson, Mark Hagopian, Declan G. Healy, Sean Healy, Michael A. Iarossi, Jr., Robert L. Keefe, Jr., Peter M. Koerber, Justin M. Lau, Edward J. LaValle, Zoi Lazarakis, Bob Lee, Christopher Macnair, Dina Macnair, Kim Manouk, Scott Marchand, Sean

McLean, Michael McSweeney, Lisa A. Mikoleit, Dennis O'Brien, Zachary S. Raymond, Eric M. Rosenbaum, Amanda Schlegel, Jason Schlegel, Gita Setiabudi, Alan R. Soloman, David J. Spirito, Daniel S. Sullivan, Shawn Tivan, Matthew C. Tocci, Steven A. Umina, Michael Wade, Peter A. Wade, Jr., Timothy Walton, and Jeremy Wilson.

19.    The following 37 plaintiffs in this lawsuit were also plaintiffs and parties to the Settlement Agreement attached hereto as Exhibit 1:  John M. Daly and Newton Police Association, Lead Plaintiffs, and Michael Abbruzzese, Russell Adam, Nils Anderson, Lauren Bartineau, Michelle R. Bellevue, Richard W. Bradley, George Claflin, John Claflin, Jr., Richard Clements, Thomas M. Cloonan, Jr., Kim Coney, Carolyn Curry, Thomas Destefano, Kathleen Doyle, Charles J. Edrehi, Stephen Fontano, Linda D. Gassett, Thomas F. Geagan, Jr., Glenn Harris, Gregory Hill, Robert Hill, Jr., Kenneth J. Marino, James P. McCarthy, Thomas McCarthy, Daniel Nardelli, Richard Paglia, Robert Paglia, David C. Robinson, Lawrence T. Rufo, Robert F. Sampson, David Schaefer, Ralph Torres, Gerald M. Tramontozzi, Brian Wallace, Thomas P. Walsh, and David Webb.

20.    The Settlement Agreement contains an agreement that the City shall comply with the FLSA in all respects.  (Exh. 1 – entire settlement; Exh. 1 at ¶6.)

21.    The Settlement Agreement incorporates by reference the "undue disruption" standard of the FLSA Section 207(o)(5) as set forth in 29 C.F.R. ¶553.25.  (Exh. 1 at Appx. at ¶B5(c).)

9

22.    The Settlement Agreement provides for comp time to be granted on more than 48 hours notice so long as the City may establish minimum staffing (or whatever unique, higher level of staffing may be required on a specific shift), and that the shift commanders are to engage in a canvassing procedure to back-fill for the officer taking comp time.  (Exhibit 1 at Appx. A at ¶B2, ¶B5.)

23.    The Settlement Agreement provides for comp time to be granted on less than 48 hours notice (referred to as "Shorter Notice") at the discretion of the shift commander, provided that the "shift commander shall not unreasonably deny such requests." (Exh. 1 at Appx. A at ¶B4.)

24.    The canvassing procedure defined in the Settlement Agreement expressly allows for an officer to find a "qualified volunteer" where the shift commander is not otherwise able to find a replacement, and the Settlement Agreement provides that where a "qualified volunteer" is provided the officer's comp time request will be granted even if the shift commander in his or her own canvassing efforts was not able to find a replacement.  (Exh. 1 at Appx. A at ¶B5, ¶B5(c) and (d).)

25.    The Settlement Agreement expresses an intent of the parties' that the City shall abide by the FLSA not only in general, but also with respect to the legal standard that "avoidance of overtime" is not a legitimate reason to deny a comp time request, that "avoidance of overtime" does not constitute an "undue disruption" within the meaning of Section 207(o) that would warrant denying a comp time request.  (Exh. 1 at Appx. A at ¶B5(c).)

26. Given that the Settlement Agreement provides for the right of officers to provide for their own replacement, (Exh. 1 at Appx. A at ¶B5(c) and (d)), and given that the Settlement Agreement does not permit denial of a comp time for purposes of "avoidance of overtime," (id. at ¶B5(c)), it follows that it would be "unreasonable" and violate the Settlement Agreement (id. at ¶B4) for the shift commander to deny comp time requests where officers supply their own qualified replacement. (Exh. 1 at Appx. A at paragraphs indicated above.)

27. The only limitation in the Settlement Agreement on the duration of comp time is that "Compensatory time off shall be used in increments of at least one hour", and this reflects the parties' intent that a partial shift or less than eight hours may be requested for comp time off. (Exh. 1 at Appx. A at ¶B2.) Therefore, it would violate the Settlement Agreement for the City to deny comp time requests based upon the fact that the officer is requesting to use comp time of less than a full shift, allowing comp time only in full shift increments (eight hour increments).

28. The following actions of the City in administering the comp time system since on or about November 21, 2010 and thereafter have violated the Settlement Agreement:

(a) officers' comp time requests being denied if, granting the request, would cause the City to incur overtime costs in order to maintain minimum staffing;

(b) officers' comp time requests being held and not approved or denied until one day or less before the day for which comp time off was

11

requested, so that the City can ascertain whether it would need to employ another officer on an overtime basis to fill-in for the officer that requested to use comp time in order to maintain minimum staffing;

(c) officers' comp time requests being denied if other officers have been granted vacation time off where the City would have to employ another officer on an overtime basis to fill-in for the officer that requested to use comp time;

(d) officers' comp time requests not even considered if the request was made too close in the time to the shift requested off or during the shift requested off, even though the City in such instances was able to approve the comp time request and arrange for minimum staffing, if necessary, by hiring another officer on an overtime basis to fill-in for the officer that requested to use such comp time; and,

(e) officers being required to request comp time in increments of eight hours, and prohibited from requesting comp time in smaller increments such as two hours or four hours.

### CONCLUSION: REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court remedy the above-described violations of the FLSA and breach of the Settlement Agreement by issuing an Order and Judgment in Plaintiffs favor providing for relief as follows:

A. Declaring that the FLSA and the Settlement Agreement each separately and independently constrain the City from engaging in the following actions:

(1) denying an officers' comp time requests on grounds that granting the request would cause the City to incur overtime costs in order to maintain minimum staffing;

(2) refraining from approving an officers' comp time requests until one day or less before the day for which comp time off was requested for purposes of ascertaining whether granting the request would require the City to employ another officer on an overtime basis to fill-in for the officer that requested to use comp time;

(3) denying officers' comp time requests on grounds that other officers have requested vacation time off and the City would have to employ another officer on an overtime basis to fill-in for the officer that requested to use comp time;

(4) failing and refusing to consider an officers' comp time requests on grounds that the request was made too close in the time to the shift requested off or during the shift requested off, where the City in such instances is able to approve the comp time request and arrange for minimum staffing, if necessary, by hiring another officer on an overtime basis to fill-in for the officer that requested to use such comp time; and,

    (5)    denying officers' comp time requests on grounds that the request is not in an increment of eight hours, and denying requests for comp time in smaller increments such as two hours or four hours.

    B.    Permanently enjoin the City from breaching the Settlement Agreement by issuing an order prohibiting the City from engaging in the comp time practices described <u>supra</u> at Paragraph A, ¶¶1-5 unless and until such time as the City negotiates a change in the Settlement Agreement through lawful process; and permanently enjoin the City from denying requests of Patrol Officer Plaintiffs to use accrued comp time unless such request will be "unduly disruptive" to the operation of the City's police department as that expression has been defined by regulation and precedent under the FLSA.

    C.    Permanently enjoin the City from breaching the FLSA by issuing an order prohibiting the City from engaging in the comp time practices described <u>supra</u> at Paragraph A, ¶¶1-5.

    D.    Enter a judgment under FLSA Section 6, 29 U.S.C. §216, against Defendant for all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this complaint.

    F.    Enter orders and judgments as may otherwise be a just and proper to remedy the City's unlawful violations of the FLSA as alleged herein.

        Respectfully submitted,

        On behalf of Lead Plaintiffs John M. Daly and the Newton Police Association as well as all other above-named Plaintiffs,

        By their attorneys,


        *s/Jack J. Canzoneri*
        Jack J. Canzoneri, BBO #564126
        McDonald, Lamond, Canzoneri & Hickernel
        Cordaville Office Center
        153 Cordaville Road, Suite 320
        Southborough, MA  01772-1834
        (508) 485-6600

Dated:  June 20, 2012